PENSACOLA PILOTS ASSOCIATION, A CORPORATION, *Plaintiff in Error, v.* ELIZABETH U. STEARNS, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF JAMES STEARNS, DECEASED, *Defendant in Error.*

Opinion Filed March 27, 1914.

When under its charter the stock held by a dying member vests in the corporation at a valuation fixed in its by-laws, it is no defense to an action by his personal representative for this value, that the deceased member had by his conduct rendered himself liable to a forfeiture of certain dividends, no claim for dividends being asserted.

Writ of Error to Circuit Court for Escambia County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*John C. Avery,* for Plaintiff in Error;

*John S. Beard,* for Defendant in Error.

COCKRELL, J.—To a judgment against it, for refusal to pay to the personal representative of James Stearns the value of the stock held by him at the time of his death, the Pensacola Pilots Association prosecuted its writ of error.

We shall not set forth the maze of pleadings in the case, consisting of numerous demurrers, pleas, replications, rejoinders and sub-rejoinders, but shall go to the heart of the cause of action and the attempted defense.

James Stearns, at his death on May 19th, 1910, owned eight shares of the capital stock of the Pensacola Pilots Association. The association was chartered under the laws of Florida, which as to this special class of corporations, provides, Gen. Stats. paragraph 1320, that the stock shall not be transferable except to the corporation or to a duly licensed pilot of the port, and that "upon the death of any stockholder, his stock shall belong to the corporation at such price and on such terms as may be provided in the by-laws."

It is agreed that eight hundred dollars is the price of the stock, and no terms of payment being suggested, we must conclude that such is the cash value payable at once. We think, therefore, the plaintiff made out a case warranting a judgment for this sum.

The theory of the defense is that James Stearns had forfeited his stock, but the utmost of its proffer is that he committed acts, for which the Association might have in his lifetime declared a forfeiture. It did not,

however, undertake to so penalize him.  His failure to perform service, under the statute, affected his right to dividends, not the value of the stock to his estate, and the executrix is not making claim for dividends.  The Association was not denied any lawful defense, and the affirmative charge for the plaintiff was proper.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.